UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, INDIAN HARBOR INSURANCE
COMPANY, QBE SPECIALTY INSURANCE
COMPANY, STEADFAST INSURANCE
COMPANY, GENERAL SECURITY INDEMNITY
COMPANY OF ARIZONA, UNITED SPECIALTY
INSURANCE COMPANY, LEXINGTON
INSURANCE COMPANY, HDI GLOBAL
SPECIALTY SE, OLD REPUBLIC UNION
INSURANCE COMPANY, GEOVERA
SPECIALTY INSURANCE COMPANY, AND
TRANSVERSE SPECIALTY INSURANCE
COMPANY

Civil Action No.

                                 Petitioners,

vs.

DRYADES YMCA

                                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PETITION FOR AN ORDER DESIGNATING AND APPOINTING AN UMPIRE IN AN ARBITRATION

     Petitioners, the Insurers, by their attorneys, Mound Cotton Wollan & Greengrass LLP, allege as follows for their Petition for an Order designating and appointing an umpire in an arbitration between the Insurers and Respondent, Dryades YMCA.

### NATURE OF PROCEEDING

     Under Section 5 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq.* and 9 U.S.C. § 206, the Insurers seek this Court's assistance in the appointment of an umpire to an Arbitration Tribunal that is venued in New York and will apply New York law. The Insurers' party-appointed arbitrator has proposed (to no avail) numerous candidates with decades of experience in New York law and insurance practice. As the arbitration will be governed by New

York law and a central issue in dispute is a conflict-of-law question governed by New York law, a New York judge or industry expert is the ideal choice for an umpire. Indeed, numerous judges in this District have accepted the Insurers' reasoning and appointed New York judges to serve as umpires in arbitrations governed by the same arbitration clause. *See, e.g.*, *Certain Underwriters at Lloyd's London v. Edouch Elsa Indep. Sch. Dist.*, 2024 WL 1514020, at *10 (S.D.N.Y. Apr. 8, 2024); *Certain Underwriters at Lloyd's, London v. Falls of Inverrary Condominiums, Inc.*, 2023 WL 2784513, at *2 (S.D.N.Y. Apr. 5, 2023); *Clean Pro Carpet & Upholstery Care, Inc. v. Upper Pontalba of Old Metairie Condo. Ass'n, Inc.*, 2022 WL 1470584, at *2 (E.D. La. Apr. 25, 2022). The Insurers respectfully suggest that the Court follow the parties' contract and this precedent and appoint one of the New York candidates proffered by the Insurers.

## PARTIES

1. Petitioner Certain Underwriters at Lloyd's, London is a collection of insurance syndicates organized under the laws of the United Kingdom.

2. Petitioner Indian Harbor Insurance Company is a Delaware corporation with its principal place of business in Connecticut.

3. Petitioner QBE Specialty Insurance Company is a North Dakota corporation with its principal place of business in Wisconsin.

4. Petitioner Steadfast Insurance Company is a Delaware corporation with its principal place of business in Illinois.

5. Petitioner General Security Indemnity Company of Arizona is an Arizona corporation with its principal place of business in New York.

6. Petitioner United Specialty Insurance Company is a Delaware corporation with its principal place of business in Texas.

7. Petitioner Lexington Insurance Company is a Massachusetts corporation with its principal place of business in Massachusetts.

8. Petitioner HDI Global Specialty SE is a German corporation with its principal place of business in Hannover, Germany.

9. Petitioner Old Republic Union Insurance Company is an Illinois corporation with its principal place of business in Illinois.

10. Petitioner Safety Specialty Insurance Company is a Missouri corporation with its principal place of business in Missouri.

11. Petitioner Transverse Specialty Insurance Company is a Delaware corporation with its principal place of business in New Jersey.

12. Upon information and belief, Respondent Dryades YMCA is a Louisiana corporation with its principal place of business in Louisiana.

**JURISDICTION AND VENUE**

13. This Petition is filed under Chapter 1 (9 U.S.C. §§ 1-16) and Chapter 2 (9 U.S.C. §§ 201-208) of the FAA. Chapter 2 of the FAA (the "Convention Act") implements the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").

14. The Convention applies to this proceeding because it involves an arbitration agreement to which Lloyd's and HDI—both of whom are foreign citizens—are parties. *See* 9 U.S.C. § 202 ("An arbitration agreement . . . arising out of a legal relationship, whether contractual or not, which is considered commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement . . . arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located

abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.").

15. This Court has subject matter jurisdiction over this proceeding because "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203. "The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." *Id.*

16. Venue is proper in this district because the arbitration agreement at issue provides that the seat of the arbitration shall be New York. *See* 9 U.S.C. § 204 ("An action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought, or in such court for the district and division which embraces the place designated in the agreement as the place of arbitration if such place is within the United States.").

17. Venue is also proper because the Parties have agreed to resolve disputes over the appointment of the arbitration umpire in New York.

18. This Court has personal jurisdiction over Respondent because the arbitration clause requires the seat of the arbitration to be in New York, that the Arbitration Tribunal to apply New York law, and that a New York court appoint an umpire if the party-appointed arbitrators cannot agree to one on their own.

# FACTS

## I. The Insurance Policy's Arbitration Clause

19. The Insurers issued to Dryades a Commercial Property Insurance Policy bearing Account ID 859933, for the one-year policy period beginning on July 1, 2021. *See* Ex. 1 ("Policy").[1]

20. The Policy includes an arbitration clause, which requires "[a]ll matters in difference between the Insured and the [Insurers] in relation to this insurance" and the Policy to be arbitrated. Policy at Compass Form 04 18, p. 22 of 42, PDF p. 38. The Policy also states that the seat of the Arbitration shall be in New York and that New York law applies. *Id.*

21. The arbitration clause further provides that the parties have thirty days in which to agree to a single arbitrator, but if they cannot agree, each party shall appoint its own party-appointed arbitrator. *Id*. If the arbitrators chosen by the parties "fail to agree," they "shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred." *Id.* If the arbitrators "cannot agree to an Umpire, either may request the selection be made by a judge of a New York court." *Id.*

22. The arbitration clause is set forth in full below:

> ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall

---

[1] Citations to "Ex. __" refer to exhibits to the Declaration of Guyon H. Knight, submitted herewith.

appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred. If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

Each party will pay its chosen Arbitrator, and also bear the other expenses of the Arbitration and Umpire equally.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.

A decision agreed to by any two members of the Arbitration Tribunal shall be binding. The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

*Id.*

## II. Dryades' Claim and Lawsuit

23. On or about August 29, 2021, the storm event designated as Hurricane Ida made landing near New Orleans, Louisiana, where Dryades' property is located.

24. Hurricane Ida allegedly damaged some of Dryades' buildings, and Dryades made a claim for this alleged property damage.

25. Despite the Policy's arbitration clause instructing otherwise, on July 6, 2023, Dryades sued the Insurers in Louisiana state court.

26. The Insurers removed and moved to compel arbitration. Dryades opposed the Insurers' motion.

27. In January 2024, the Eastern District of Louisiana granted the Insurers' motion. *See Dryades YMCA v. Certain Underwriters at Lloyds, London*, 2024 WL 398429 (E.D. La. Jan. 31, 2024).

### III. The Party-Appointed Arbitrators Cannot Agree on an Umpire

28. After the Louisiana district court compelled arbitration, the Insurers named Charles Sinclair as their party-appointed arbitrator. Dryades named Donald Massey as its party-appointed arbitrator.

29. Mr. Sinclair and Mr. Massey have tried, but failed, to agree on an umpire.

30. Mr. Massey nominated four Louisiana-based retired judges as umpire candidates on behalf of Dryades: Hon. Robert Chaisson (Ret.), Hon. William Knight (Ret.), Hon. Cornelius Regan (Ret.), and Hon. Franz Ziblich (Ret.).

31. In response, Mr. Sinclair nominated four New York-based retired judges as umpire candidates on behalf of the Insurers: Hon. Michael Dolinger (Ret.); Hon. John Gleeson (Ret.); Hon. Frank Maas (Ret.); and Hon. Henry Pitman (Ret.). Judge Dolinger, Judge Maas, and Judge Pitman are former United States Magistrate Judges for the Southern District of New York. Judge Gleeson is a former United States District Court Judge for the Eastern District of New York.

32. Upon information and belief, based on alleged unavailability of some of Dryades original candidates, Mr. Massey subsequently revised Dryades' list of nominees.

33. Mr. Massey kept two of his original candidates (Judge Knight and Judge Ziblich), and added another Louisiana-based judge, Hon. Carolyn Gill-Jefferson (Ret.).

34. In response, Mr. Sinclair proposed three more umpire candidates for the Insurers––James Kelly, Esq.; Frank Lattal, Esq.; and James Wrynn, Esq.—in addition to the original four retired New York judges he had nominated.

35. Mr. Lattal and Mr. Wrynn are both highly qualified arbitrators and New York attorneys with direct experience in senior-level positions in the insurance industry. Mr. Kelly has been removed from consideration because he is not barred in New York.

36. In response to Mr. Sinclair's new proposals, Mr. Massey added another five candidates.

37. One nominee is Hon. Richard Haik, Sr. (ret.), a former judge of the United States District Court for the Western District of Louisiana.

38. The other four are candidates based in <u>neither</u> Louisiana <u>nor</u> New York. Joe Jaworski, Esq., a mediator based in Galveston, Texas; Gary Blackburn, Esq., a mediator and insurance attorney based in Nashville, Tennessee; Hon. Tom Bateman (Ret.), a former Florida State Court trial judge in Leon County and Florida Second Judicial Circuit who is a mediator and arbitrator based in Tallahassee, Florida; and J. Brandon McWherter, Esq., a policyholder attorney based in Nashville, Tennessee.

39. Mr. Massey and Mr. Sinclair communicated over a four-month period to amicably select an Umpire out of the candidates identified above, but they could not reach an agreement. Unfortunately, Mr. Massey and Mr. Sinclair declared an impasse in the umpire selection process.

## CLAIM FOR RELIEF

40.     Section 5 of the FAA provides for the judicial appointment of an umpire if there is a lapse in the naming of an umpire to an arbitration tribunal:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C. § 5.

41.     Section 206 of the Convention Act provides that the Court may appoint an arbitrator in accordance with the arbitration agreement:

> A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States. Such court may also appoint arbitrators in accordance with the provisions of the agreement.

9 U.S.C. § 206.

42.      Here, the Court's appointment of an umpire is necessary because the party-appointed arbitrators cannot agree upon an umpire candidate.

43.     As shown in the accompanying Memorandum of Law, each of the umpire candidates proposed by the Insurers' party-appointed arbitrator, Mr. Sinclair, is highly qualified to serve as umpire in the arbitration in New York and under New York law.

44.     Conversely, all the umpire candidates proposed by Dryades' party-appointed arbitrator, Mr. Massey, are less qualified than any of Insurers' proposed candidates.

45. Accordingly, the Insurers respectfully submit that the Court appoint as umpire one of the six candidates proposed by Mr. Sinclair:

  a. Hon. Michael Dolinger (Ret.);

  b. Hon. John Gleeson (Ret.);

  c. Hon. Frank Maas (Ret.);

  d. Hon. Henry Pitman (Ret.);

  e. Frank Lattal, Esq.; and

  f. James Wrynn, Esq.

**WHEREFORE**, the Insurers respectfully request that this Court:

A. Designate and appoint an umpire from among the candidates proposed by the Insurers' party-appointed arbitrator Charles Sinclair; and

B. Grant the Insurers any other relief that the Court may deem just and proper.

Dated: New York, New York
   August 12, 2024

        **MOUND COTTON WOLLAN & GREENGRASS LLP**

        By: /s/ Guyon H. Knight
          Jeffrey S Weinstein
          Guyon H Knight
          Samuel B Weiss
          jweinstein@moundcotton.com
          gknight@moundcotton.com
          sweiss@moundcotton.com
          One New York Plaza, 44th Floor
          New York, NY 10004

        *Counsel for Petitioners*